UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TRINITY BIOTECH, INC.,

        Plaintiff,

 - against -

THOMAS REIDY, HOWARD HATFIELD,
RAYMOND FREEMAN, and JIMMIE
NOFFSINGER,

        Defendants.

------------------------------------------------------------X

**ORDER**

08 Civ. 10419 (SAS) (THK)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      The above-captioned breach of contract action was referred to Magistrate Judge Theodore H. Katz for an inquest as to the amount of damages attributable to the remaining pro se defendant, Thomas Reidy.[1] In short, Trinity Biotech, Inc. ("Trinity") and the individual defendants entered into a Stock Purchase Agreement wherein Trinity purchased all of the outstanding stock of Primus Corporation ("Primus") from defendants in exchange for a $3,000,000 Promissory Note, secured by collateral, and an "earnout payment" based on the

---

[1] The other three defendants appeared in the case and have since settled with plaintiff "for significant percentages of the total claims against them." 9/30/09 Letter from Jeffrey S. Boxer, plaintiff's attorney, at 1 (hereinafter "Response").

amount of revenue earned by Primus during fiscal 2005.[2] Defendants artificially inflated revenues for that period, thereby causing the purchase price of the Primus stock to increase by $512,192.80.[3] Trinity then brought the instant breach of contract action, seeking to recoup the fraudulent $512,192.80 increase in Primus stock price from defendants.

In his R&R, Magistrate Judge Katz recommends that plaintiff be awarded damages in the amount of $200,677.14,[4] plus prejudgment interest at the rate of nine percent (9%) from March 9, 2006, through the entry of judgment.[5] Magistrate Judge Katz also recommends that Reidy be required to return to Trinity any collateral and stock assignments which were pledged to him under the Pledge Agreement entered into by the parties as security for the Promissory Note.[6]

---

[2]    *See* 9/3/09 Report and Recommendation of Magistrate Judge Katz ("R&R" or "Report") at 3-4.

[3]    *See id.* at 10.

[4]    *See id.* at 2. Because Reidy was entitled to 39.18% of the purchase price of Primus, his unwarranted earnout amounted to $200,677.14 ($512,192.80 x 39.18%). *See id.* at 10-11.

[5]    *See id.* at 2. Trinity paid the earnout payment to defendants on March 9, 2006. *See id.* at 11.

[6]    *See id.* at 2, 5 ("At the closing, Trinity gave Defendants a Promissory Note for $3,000,000.00, and entered into a Pledge Agreement as security for the Note. Under the Pledge Agreement, Trinity granted to Defendants a first priority security interest in 4900 shares of the Common Stock of Primus. Trinity was

Although Reidy was given an opportunity to respond to plaintiff's damages submission, he failed to do so.[7]

Judge Katz directed the parties to *file* objections to his R&R within ten (10) days of service of the Report, which resulted in a deadline of September 21, 2009.[8] Reidy did not file his objections with the Clerk of the Court but instead sent this Court a timely letter dated September 15, 2009.[9] While pro se parties are generally afforded more leniency than represented parties,[10] Reidy is a sophisticated businessman who should have been able to follow these simple filing instructions. Nonetheless, this Court will treat Reidy's letter as if it were properly filed with the Clerk of the Court.

---

required to give Defendants possession of all of the stock certificates it was pledging as collateral. The Pledge Agreement mandated Defendants to return the collateral at the time the Promissory Note was repaid in full by Trinity. Trinity repaid the Promissory Note in full in the third quarter of 2006.") (citations omitted).

[7] *See id.* at 1.

[8] *See id.* at 12 ("Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to *file* written objections. Such objections shall be filed with the Clerk of the Court . . . .") (citation omitted, emphasis added).

[9] Hereinafter referred to as "Objections."

[10] *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Reidy has had ample opportunity to oppose both the default judgment application and the amount of damages sought by plaintiff, but he has repeatedly failed to do so. In his Objections, Reidy does not contradict or dispute any of the factual findings or legal conclusions contained in the R&R. Rather, Reidy questions Trinity's motivation for pursuing this litigation against him and discusses his unsuccessful attempts to remove certain officers and directors of Trinity from office.[11] In addition, Reidy complains that the amount of damages and interest for which he is held liable under the R&R is "significantly different than the amounts paid by my former partners."[12] Reidy concludes by asking this Court to "temporarily set aside" the default judgment against him.[13]

Plaintiff opposes any such stay, arguing that "Reidy's views of Trinity's management and apparent efforts to replace certain managers are not relevant to this proceeding and are not a basis for further delaying his action."[14] I

---

[11] *See* Objections at 1("I believe this judgment is being done as a form of harassment and an attempt to discredit me as I am engaged in an attempt to remove the current Chairman and CEO from Trinity . . . .").

[12] *Id.*

[13] *Id.* at 1, 2 ("I beg the court's indulgence and ask that this judgment be set aside while we are in the process of convening the [Extraordinary General Meeting].").

[14] Response at 1.

agree. The ouster of certain Trinity officers and directors has no relevance to Reidy's failure to appear in this action and the amount of damages to be assessed against him on a default judgment. Because Reidy has failed to assert any valid objections to the R&R, this Court hereby adopts Magistrate Judge Katz's thorough and thoughtful R&R.

Accordingly, the Clerk of the Court is directed to prepare a Judgment consistent with the R&R and this Order. The Clerk of the Court is further directed to close plaintiff's motion for default judgment (Document # 13) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 13, 2009

## - Appearances -

**For Plaintiff:**

Jeffrey S. Boxer, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005
(212) 732-3200

**Defendant (Pro Se):**

Thomas Reidy
P.O. Box 1988
Boca Grande, FL 33921